914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel Ray MELSON, Plaintiff-Appellant,
v.
Dewey SOWDERS, Warden, et al., Defendants-Appellees.
 No. 90-5224.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Daniel Ray Melson, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 9, 1988, Melson was transferred from the Kentucky State Penitentiary (KSP) to the Northpoint Training Center (NTC) where he was placed in administrative segregation on maximum assault status (MAS). Melson was transferred to NTC because he was under investigation for involvement in an attempted escape. On June 10, 1988, defendant Beckstrom informed Melson that he was placed in administrative segregation because of the escape plot and because he had assaulted another inmate at KSP. On June 11, 1988, Melson appeared before the Classification Committee where he was informed that he would remain in administrative segregation, but that he would be released from MAS. On June 20, 1988, Melson was placed back on MAS because the Warden at KSP (Sowders) had informed NTC officials that he had received information that Melson was planning to take a hostage at NTC. Melson's status was reviewed every seven days by the Classification Committee until he was transferred back to KSP on September 2, 1988.
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Melson sued these state corrections officials in their individual and official capacity alleging that he was placed in administrative segregation without appropriate notice, without the opportunity to present a defense, without giving him the right to confront or cross-examine his accusers, without a statement of the evidence relied upon, and without following appropriate regulations. Melson also alleged that he was placed on MAS even though he did not meet the guidelines for such a classification. Melson essentially argued that he was entitled to the procedures mandated in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).
 
 
 4
 The defendants filed a motion for summary judgment and Melson responded. The magistrate recommended that the motion be granted, finding that Melson's due process rights had not been violated because defendants utilized appropriate procedures when placing Melson in administrative segregation and that Melson did not have a protected liberty interest in not being placed on MAS. Ultimately, the district court adopted the magistrate's recommendation after reviewing Melson's objections.
 
 
 5
 On appeal, Melson reasserts his claims, requests the appointment of counsel, and has filed a pro se brief. Defendants have notified the court that they will not be filing a brief.
 
 
 6
 Upon review, we affirm the district court's judgment. Melson was placed in administrative segregation pending investigation into the escape plot at KSP, and the alleged hostage plot at NTC. Moreover, Melson did not lose good time credits, and his stay in segregation was of a limited duration. We conclude that due process required only that Melson receive an informal, non-adversary review of the information supporting his administrative confinement. See Hewitt v. Helms, 459 U.S. 460, 472 (1983). Melson was informed of the reasons for the placement; he was allowed to present his views two days after his placement; and he received weekly reviews until his transfer back to KSP. These procedures were sufficient to satisfy constitutional mandates.
 
 
 7
 Finally, Melson suffered no constitutional deprivation when he was placed on MAS because the prison policy does not contain mandatory language placing substantive limitations on official discretion, and thus does not create a protected liberty interest subject to due process protection. See Olim v. Wakinekona, 461 U.S. 238, 249 (1983).
 
 
 8
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.